53 F.3d 342
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Anthony Ray JENKINS, Petitioner-Appellant,
v.
Bill MCBRIDE, Warden; Attorney General of Kansas,
Respondents-Appellees.
Anthony Ray JENKINS, Plaintiff-Appellant,
v.
Brad AMBROSER, Defendant-Appellee.
Anthony Ray JENKINS, Plaintiff-Appellant,
v.
Bill MCBRIDE, Sheriff, Defendant-Appellee.
Anthony Ray JENKINS, Plaintiff-Appellant,
v.
Jean K. Gilles PHILLIPS, lawyer for the Appellate Defender,
Defendant-Appellee.
Anthony Ray JENKINS, Plaintiff-Appellant,
v.
Daniel H. DIEPENBROCK, Defendant-Appellee.
Anthony Ray JENKINS, Plaintiff-Appellant,
v.
Dana STUART and Sera Henson, Defendants-Appellees.
 Nos. 94-3195, 94-3197, 94-3198, 94-3199, 94-3248, 94-3260.
 (D.C. No. 94-3098-DES)
 D.C. No. 94-3225-DES
 D.C. No. 94-3232-DES
 D.C. No. 94-3234-DES
 D.C. No. 94-3226-DES
 D.C. No. 94-CV-3130
 United States Court of Appeals, Tenth Circuit.
 May 2, 1995.
 
 Before SEYMOUR, Chief Judge, MCKAY, and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Anthony Ray Jenkins, a prisoner in the Kansas prison system, appeals the dismissal of six cases he filed against various parties in federal court. He also requests leave to proceed in forma pauperis in each case. We deny such leave and affirm the district court in each instance.
 
 
 3
 Mr. Jenkins filed individual actions under 42 U.S.C.1983 against three attorneys who represented him at various stages of his state criminal proceedings. He claims that Daniel Diepenbrock, his court-appointed attorney, advised him to withdraw an appeal without prejudice and violated his privacy. He alleges that Public Defender Jean K. Gilles Phillips failed to prepare an adequate appellate brief for his state direct appeal. Mr. Jenkins also expresses dissatisfaction with the performance of Brad Ambroser, a private attorney he retained to represent him in a state criminal action. The district court dismissed all three cases pursuant to 28 U.S.C.1915(d).
 
 
 4
 Sua sponte dismissal under section 1915(d) is appropriate where the claim is based on an inarguable legal theory. Hall v. Bellmon, 935 F.2d 1106, 1108-09 (10th Cir.1991). To prevail in federal court under section 1983, plaintiff must show the deprivation of a federally protected right by an individual acting under color of state law. Hill v. Ibarra, 954 F.2d 1516, 1520 (10th Cir.1992). Public defenders, private attorneys, and court-appointed attorneys are not state actors for section 1983 purposes. See generally Polk County v. Dodson, 454 U.S. 312, 319-24 (1981). Mr. Jenkins has therefore failed to present arguable claims under section 1983, and the district court properly dismissed these three claims under section 1915(d).
 
 
 5
 Mr. Jenkins also filed a section 1983 action against attorneys in the Child Support Enforcement Division of the Kansas Department of Social and Rehabilitation Services. He alleges that they improperly sought to obtain child support payments from him for a child he denies fathering. Concluding that Mr. Jenkins' allegations of due process violations were conclusory, the district court dismissed this claim pursuant to section 1915(d). We agree that his claims of factual inaccuracy in the state court proceedings do not rise to the level of constitutional violations. Dismissal was thus proper.
 
 
 6
 In his fifth section 1983 claim, Mr. Jenkins sought only injunctive relief against Seward County Sheriff Bill McBride. He alleged that Sheriff McBride denied him access to legal materials and proper medical care during his confinement in the Seward County Jail. The district court held that his claim was moot because he was no longer incarcerated in the jail. We agree. Mr. Jenkins is currently incarcerated in the Topeka Correctional Facility and it is unlikely that he will be sent back to the Seward County Jail during his current sentence. Because he is no longer subject to the conditions he alleges exist at the jail, Mr. Jenkins' claim for injunctive relief is moot and was properly dismissed pursuant to section 1915(d).
 
 
 7
 Finally, Mr. Jenkins has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. The district court dismissed the petition for failure to exhaust state remedies. Noting that Mr. Jenkins failed to file a timely notice of appeal, the court held that it lacked jurisdiction to grant him leave to proceed in forma pauperis on appeal or to issue a certificate of probable cause.
 
 
 8
 The district court dismissed Mr. Jenkins' habeas petition on March 28, 1994. Mr. Jenkins filed his notice of appeal on June 17, 1994. A notice of appeal must be filed with the clerk of the district court within thirty days of the entry of the judgment or order appealed. Fed. R.App. P. 4(a). Therefore, we do not have jurisdiction to review the dismissal of Mr. Jenkins' habeas petition.
 
 
 9
 Because we find Mr. Jenkins' appeals frivolous, we deny him in forma pauperis status and decline to grant his request for a certificate of probable cause on the habeas petition. Consequently, we dismiss these appeals.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470